IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DARVIN ALLEN, #233800, ) | Civil Action No. 3:10-939-HMH-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| SOUTH CAROLINA DEPT. OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff filed this action in the Court of Common Pleas for Richland County. Defendant, the South Carolina Department of Corrections ("SCDC"), removed this action to this court on April 15, 2010.[1] Plaintiff filed an amended complaint (supplementing the original complaint) on November 1, 2010. He appears to allege claims under 42 U.S.C. § 1983 ("§ 1983") and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq. At the time of the alleged incidents, Plaintiff was an inmate at the Broad River Road Correctional Institution ("BRCI") of the SCDC. He is currently an inmate at the Lieber Correctional Institution of the SCDC. On December 2, 2010, Defendant filed a motion for summary judgment. Plaintiff, because he is proceeding pro se, was advised on December 9, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion for summary judgment could result in the dismissal of his complaint. Plaintiff filed a response on December 10, 2010, and Defendant filed a reply on December 22, 2010.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rules 73.02 (B)(2)(d) and (e) DSC. Because this a dispositive motion, this Report and Recommendation is entered for review by the court.

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972) and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). The moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If the moving party carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

## DISCUSSION

Plaintiff appears to allege that his constitutional rights were violated by SCDC and that SCDC's actions violated RLUIPA. He alleges that SCDC policy fails to differentiate between the Nation of Islam ("NOI") religion and the Muslim religion. Plaintiff claims that SCDC does not

recognize NOI as a separate religion and that NOI inmates are not provided separate privileges including Jumu'ah services and study groups. He complains that NOI DVDs and tapes were confiscated from the chapel at BRCI. He also alleges that his personal property was searched by BRCI officers and certain property was confiscated in violation of his due process rights. Plaintiff seeks both monetary damages and injunctive relief, including an order requiring SCDC to allow a separate NOI Jumu'ah service; allow NOI study groups; allow NOI volunteers to conduct classes; and to return confiscated religious DVDs, religious tapes, and Plaintiff's personal property. In its motion for summary judgment, Defendant contends that it is entitled to summary judgment because: (1) SCDC is not a person amenable to suit under § 1983 regardless of the relief sought; and (2) SCDC is entitled to Eleventh Amendment immunity on all claims for monetary relief. In his memorandum in opposition to summary judgment, Plaintiff states that he seeks injunctive relief only and waives any monetary damage claims. He also appears to concede that he cannot obtain injunctive relief under § 1983, and states that he has filed this action under RLUIPA. In its reply, Defendant argues that Plaintiff's RLUIPA claims should be dismissed.

  1.  § 1983 Claims

It is recommended that Defendant's motion for summary judgment be granted as to Plaintiff's § 1983 claims. SCDC is entitled to Eleventh Amendment immunity for claims for monetary damages under § 1983. See Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989). Further, Plaintiff has stated that he waives any monetary damage claims.

Defendant also argues that Plaintiff cannot bring § 1983 claims for injunctive relief against SCDC. Plaintiff has presented nothing to dispute this. Private individuals are not precluded from suing state officials for prospective injunctive or declaratory relief designed to remedy ongoing

3

violations of federal law. See Ex parte Young, 209 U.S. 123, 157 (1908). Here, however, Plaintiff has sued SCDC, not a state official in his or her official capacity.

2. RLUIPA

Plaintiff alleges that Defendant violated his rights under RLUIPA. Defendant, in its reply memorandum, argues that Plaintiff has not made specific allegations under RLUIPA, Eleventh Amendment claims for immunity are not waived under RLUIPA, and Plaintiff cannot bring a claim for injunctive relief against SCDC under RLUIPA.

The RLUIPA prohibits state programs that receive federal funding from imposing a substantial burden on the religious exercise of an inmate unless the burden is in furtherance of a compelling government interest and is the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc-1. A substantial burden on religious exercise occurs when a government, through act or omission, "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006)(quoting Thomas v. Review Bd. of Ind. Emp't Sec. Div., 450 U.S. 707, 718 (1981)). Once a plaintiff produces prima facie evidence to support the claim that the challenged practice or law substantially burdens the plaintiff's exercise of religion, the government bears the burden of persuasion on whether the practice or law is the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-2(b).

It is recommended that Plaintiff's claims for monetary damages under RLUIPA be dismissed. As noted above, Plaintiff states he waives any claims for monetary damages. See Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 25) at 1. Further, Plaintiff cannot show that he is entitled to monetary damages against SCDC under RLUIPA. The Supreme Court of the United States recently held that states, by accepting federal funds, do not consent to waive their

sovereign immunity to suits for monetary damages under RLUIPA. Sossamon v. Texas, __U.S. __, 131 S.Ct. 1651, 2011 WL 1485252 (2011). The Fourth Circuit has held that RLUIPA does not authorize an award of damages against state officials sued in their individual capacities, Rendelman v. Rouse, 569 F.3d 182, 189 (4th Cir. 2009), and the Eleventh Amendment bars a recovery of damages under RLUIPA against state officials sued in their official capacities, Madison v. Virginia, 474 F.3d 118, 133 (4th Cir. 2006).

However, Defendant's request to dismiss Plaintiff's claim for injunctive relief under RLUIPA should be denied. Plaintiff has not had a chance to address this argument by Defendant, as it was raised in Defendant's reply memorandum and not in Defendant's motion for summary judgment.[2]

Further, it is not entirely clear from the materials presented whether injunctive relief is available against SCDC or if such an action must be brought against a state official in his official capacity.[3] RLUIPA allows a private action against "a government," 42 U.S.C. § 2000cc-2, and "government" is specifically defined to include "a State." 42 U.S.C. § 2000cc-5. In Madison, the Fourth Circuit noted that RLUIPA, on its face, creates a private cause of action against the State and that "appropriate relief" ordinarily includes injunctive relief. Madison, 474 F.3d at 130.[4]

---

[2] As noted above, Plaintiff has been transferred to a different SCDC institution. Although a transfer may at times render a claim for injunctive relief moot, see Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991), it is unclear that it does so here as Plaintiff appears to allege that SCDC (and not the individual institution) has violated his rights under RLUIPA.

[3] Defendant argues that the provisions of RLUIPA are enforceable by means of a § 1983 action; SCDC is not a "person" under § 1983; and under the stripping doctrine of Ex Parte Young, 209 U.S. 123 (1908), a claim for injunctive relief must be asserted against a state official sued in his official capacity.

[4] The only issue on appeal in Madison was whether the State of Virginia waived its sovereign immunity for damages claims. See Madison v. Virginia, 474 F.3d at 130, n. 3.

5

If this report and recommendation is adopted, it is also recommended that this action be remanded to the undersigned to issue a scheduling order to allow the parties time to file further dispositive motions to address the merits of Plaintiff's claim for injunctive relief under RLUIPA.

## CONCLUSION

Based on review of the record, it is recommended that Defendant's motion for summary judgment (Doc. 20) be granted as to Plaintiff's § 1983 claims. It is also recommended that Plaintiff's RLUIPA claims for monetary damages be dismissed and that this case continue as to Plaintiff's RLUIPA claims for injunctive relief.

Joseph R. McCrorey
United States Magistrate Judge

May 12, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).